# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WARD, | : | |
| Petitioner, | : | |
| | : | NO. 5:08-CV-64 (MTT) |
| VS. | : | |
| JAMES E. DONALD, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DENY RELIEF

Before the court is Christopher Ward's amended petition seeking habeas corpus relief pursuant to the provisions of 28 U.S.C. §2254. Tab #1, Tab #9, Tab #10, Tab #11, Tab #12, and Tab #16. Therein, the petitioner asserts five (5) grounds for relief. Respondent Donald has filed a response to the petitioner's claims as well as a brief and numerous exhibits in support thereof. Tab #13 and Tab #15. The instant petition is ripe for review.

## PROCEDURAL HISTORY

Petitioner was indicted by the Baldwin County, Georgia grand jury on August 2, 2005, for the offense of aggravated stalking. At a jury trial held on November 8, 2005, the petitioner was found guilty and sentenced to 10 years. The petitioner's appointed appellate counsel promptly filed a motion seeking a new trial. At a hearing on the motion, the petitioner dismissed his attorney and proceeded *pro se*. At the conclusion of the hearing, and at the petitioner's urging, the court denied the motion seeking a new trial in an order filed August 25, 2006. The petitioner did not pursue a direct appeal.

On August 15, 2006, the petitioner filed a petition for a writ of habeas corpus in the Superior Court of Coffee County, Georgia. Therein, the petitioner raised four grounds: (1) he was denied due process when the police officer who worked on his case charged him with felony stalking, rather

than misdemeanor stalking; (2) the trial court erred in sentencing him to a felony sentence after he objected and "explained" the problem as outlined in ground 1; (3) he was denied due process because he wrote the clerk's office to request a "notice of appeal form" and the clerk informed him that there was no such form; and (4) his due process rights were violated when his appointed appellate counsel filed a motion seeking a new trial without his consent.

On December 20, 2006, the state habeas court held an evidentiary hearing. On December 7, 2007, upon a finding that all of the grounds raised by the petitioner were procedurally barred, the state habeas corpus court denied relief. The petitioner did not timely file an application for a certificate of probable cause to appeal.

On January 29, 2008, the petitioner executed the instant federal petition. Therein, the petitioner raised the exact same issues raised in his state collateral attack along with a new claim that, by denying his state habeas petition, the state court somehow violated his due process rights. Soon thereafter, and as was noted above, the respondent filed a response, a supporting brief, and several exhibits.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the file, and in light of the fact statement cited above, the undersigned finds that an evidentiary hearing is not warranted in this case.

LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this court will not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

Factual Presumption of Correctness

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

DISCUSSION

In the brief filed in support of his response, respondent Donald began by noting that claims raised in grounds one through four of the instant petition are identical to those raised by the petitioner in his **state** habeas petition. As noted above, the respondent then observed that the state habeas court found all of these claims to be procedurally barred pursuant to the provisions of O.C.G.A. § 9-14-48(d). As such, the respondent concluded by asserting that this court should defer to the state court's ruling and decline to review the merits of these grounds. For the reasons that follow, the undersigned agrees.

Procedural Default

Insofar as a federal court's review of petitions filed under 28 U.S.C. §2254 is concerned, the doctrine of procedural default dictates that ''[a] state court's rejection of a petitioner's constitutional

claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim.'' Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001). That said, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon ''adequate and independent'' state grounds. Marek v. Singletary, 62 F.3d 1295, 1301 (11th Cir.1995).

In this circuit, a three part test is used to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. See Judd, 250 F.3d at 1313. ''First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim.'' Id. Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. See id. Third, the state procedural rule must be adequate, i.e., firmly established and regularly followed and not applied ''in an arbitrary or unprecedented fashion.'' Id.

In this case, a review of the petitioner's state habeas corpus proceedings clearly demonstrates that the state habeas court expressly and exclusively relied upon the provisions of O.C.G.A. § 9-14-48(d) in finding the petitioner's federal constitutional claims to be defaulted. As such, it is clear that the state court neither reached the merits of the petitioner's federal constitutional claims nor did it rest its decision on anything other than adequate state law grounds. Accordingly, and in view of the fact that the claims raised in grounds one through four of the instant petition are identical to those raised by the petitioner in his state habeas petition, the undersigned must conclude that those claims remain procedurally defaulted.

## Cause And Prejudice

In view of the above, further consideration of these claims is barred unless there is a showing of cause for the default and actual prejudice resulting from the alleged constitutional violation(s).

See Wainwright v. Sykes, 433 U.S. 72, 84–85, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). To show cause, a petitioner must demonstrate ''some objective factor external to the defense'' that impeded his effort to raise the claim properly in state court. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Should such cause be established, the petitioner must then show that actual prejudice resulted from the alleged constitutional violation. See Sykes, 433 U.S. at 84, 97 S.Ct. at 2505. To establish actual prejudice, a demonstration that ''errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness'' would be necessary. McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir.1992) (per curiam). After a careful review of the record in this case, the undersigned is unable to find any arguments proffered by the petitioner alleging or even concerning the issues of cause and prejudice.

### Actual Innocence

In view of the above, the only other way in which this court could consider the petitioner's procedurally defaulted claims on their merits would be upon a showing of actual, as opposed to legal, innocence. See Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir.2001). Here again, the record is completely devoid of any such showing by the petitioner. Consequently, it appears to the undersigned that grounds one through four of the instant petition are without merit and must fail.

### State Habeas Court Procedure Claim

In his fifth and final ground, the petitioner alleges that " Judge Clarence Blount denied [his] [state] habeas petition under a[n] inept habeas procedure." Having reviewed this assertion, and in light of the fact that claims alleging errors in state habeas corpus proceedings are not sufficient to state a claim for federal habeas corpus relief, the undersigned must conclude that ground five is without merit. See Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004).

## CONCLUSION

In accordance with the above, it is the RECOMMENDATION of the undersigned that the above-captioned petition seeking relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this the 4th day of November, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge